DIXIE COTTON PICKER CO. v. BULLOCK et al.

(Circuit Court, N. D. Illinois, E. D.   August 4, 1911.)

No. 30,271.

**1. CANCELLATION OF INSTRUMENTS (§ 15\*)—EQUITY—IRREPARABLE INJURY.**

Where the injury caused by a breach of contract is irreparable, and damages are wholly inadequate, equity has power to decree a rescission.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21; Dec. Dig. § 15.\*]

**2. CANCELLATION OF INSTRUMENTS (§ 15\*)—BREACH OF CONTRACT—REMEDY BY RECOVERY OF DAMAGES.**

That defendants had refused to comply with any of the terms of a contract is not sufficient to sustain a decree for cancellation, in the absence of a showing that the recovery of damages at law would be inadequate.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21; Dec. Dig. § 15.\*]

**3. PATENTS (§ 216\*)—CONTRACTS—MANUFACTURE AND SALE.**

Where a contract for the manufacture of patented machinery provided certain conditions precedent to defendants' obligation to pay royalties, for failure to do which the contract was subject to cancellation, a failure to pay such royalties was not ground for cancellation, in the absence of a showing that complainant had performed the conditions.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. § 216.\*]

**4. PATENTS (§ 216\*)—MANUFACTURE AND SALE—BREACH OF CONTRACT.**

Where a contract for the manufacture and sale of certain patented machinery provided that defendants were granted the privilege of manufacturing, but the contract contained no covenant obligating them to do so, or to attempt to sell, complainant relying on the chance that defendants would take advantage of their privilege to manufacture, rather than on their covenant to do so, the contract was not subject to cancellation for defendants' refusal to manufacture, or to attempt to sell machines properly constructed under the patents.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 216.\*]

**5. PATENTS (§ 216\*) — CONTRACTS — CONSTRUCTION — PATENTED MACHINERY — MANUFACTURE.**

Where the contract for the manufacture and sale of certain patented machinery provided that defendant agreed to be diligent in supplying the market with sufficient machines to supply the demand of the market therefor, defendant was not bound by such agreement to create a market or to try to sell the machines.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. § 216.\*]

**6. PATENTS (§ 216\*)—CONTRACTS—BREACH—REMEDY.**

Where a contract for the manufacture and sale of patented machinery provided that if complainants were dissatisfied with the diligence used by defendant, its remedy should be as follows, and then contained a provision that complainant should send to defendants bona fide orders for machines by solvent responsible parties to be paid in cash, there being no allegation that orders had been so sent, and that defendants had refused to fill them, defendants were not subject to a suit for cancellation of the contract on the ground that they had failed to diligently manufacture and sell the machines.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 216.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. PATENTS (§ 216*)—CONTRACTS—MANUFACTURE AND SALE.**

Where there was nothing in a contract for the manufacture and sale of certain machinery obligating defendants to comply with the suggestions of complainant's mechanical expert, nor to refrain from spying on the work of such expert, nor to refrain from taking out patents on devices embodying· the ideas of the expert, nor to refrain from trying to purchase the stock of complainant company, nor to terminate the contract, the fact that defendants had committed all such acts was not ground for cancellation of the contract in equity.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 216.*]

**8. PATENTS (§ 216*)—CONTRACTS—BREACH.**

Where a contract for the manufacture and sale of certain patented machinery contained a covenant obligating defendants not to manufacture other similar machinery, but the contract did not provide that a breach of such covenant should give complainant a right to rescind, a breach thereof was not ground for cancellation in equity, in the absence of a showing that complainant would be irreparably injured if such relief was denied.

[Ed. Note.—For other cases, see Patents, Dec. Dig. 216.*]

In Equity. Bill by the Dixie Cotton Picker Company against H. E. and J. E. Bullock and others. On demurrer to bill. Sustained.

Herbert D. Crocker (Americus B. Melville, of counsel), for complainant.

Judah, Willard, Wolf & Reichmann, for defendants.

KOHLSAAT, Circuit Judge. This cause is before the court on demurrer. The principal relief prayed by the bill is the cancellation of a certain contract, the substance of which is as follows: Complainant, as the owner of certain patents on cotton picking machinery, grants to defendants the sole and exclusive right to manufacture, sell, and use machines and devices made in accordance therewith. In consideration whereof, defendants agree, among other things, to be "diligent in supplying the market with sufficient machines to meet the demand of the market therefor," and not to engage in the manufacture of other cotton picking machinery.

Complainant charges that defendants have (1) refused to comply with any of the terms of said contract; (2) refused to manufacture or to try to sell any machines properly constructed under said patents; (3) refused to comply with the suggestions of the mechanical expert employed by complainant; (4) devoted their attention to the manufacture of other cotton picking machines of entirely different types; (5) have spied upon the work and inventions of complainant's expert, and have taken out patents upon devices embodying the ideas thereby acquired from complainant's expert; (6) tried to buy up the stock of the Dixie Cotton Picker Company with intent to get control of the same; (7) refused to terminate the contract.

Cancellation of the contract, accounting, and damages are prayed. Defendants urge, among other things, as grounds of demurrer that there is a failure upon the part of complainant to aver a compliance with certain conditions precedent, and that the bill shows that complainant has a plain, adequate, and complete remedy at law.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] While it is true that, unless expressly stipulated therein, the mere breach of a contract will not ordinarily constitute a ground for the equitable remedy of cancellation, yet where a case is stated which clearly shows that the injury caused by such breach is irreparable, and that damages are wholly inadequate, equity has undoubted power to decree a rescission. 24 Am. & Eng. Ency. of Law (2d Ed.) p. 619, and cases cited. The principal question before the court, therefore, is: Has complainant stated a case which shows that the remedy at law is inadequate?

[2] The charge of the bill that defendants have refused to comply with any of the terms of the contract is not sufficient to sustain a decree of cancellation, for, even if it should be admitted that there has been a breach of each and every covenant to be performed by defendants, it does not follow that damages at law would be inadequate.

[3] Nonpayment of royalties, it is true, is expressly made ground for revocation of the contract by the Dixie Company, and possibly might be a sufficient basis for a decree of cancellation were it not for the fact that under the terms of the agreement such revocation can only be effective upon the compliance by the Dixie Company with certain conditions precedent. The bill does not support its general allegation of breach as to all of the covenants by any allegation of compliance with such conditions precedent. Failure to pay royalties seems to be the only ground expressly made by the contract ground for rescission by first party.

[4] Complainant charges that defendants refuse to manufacture or to try to sell any machines properly constructed under said patents. A sufficient answer to the breach assigned is that the contract contains no undertaking on the part of defendants to do either of these things. There can be no doubt that the parties contemplated that party of the second part should enter upon the manufacture of machines. The Dixie Company granted the "privilege" of manufacturing, and while on page 2 of the contract the "obligation of party of the second part to manufacture" is spoken of, the court looks in vain through the contract for any covenant obligating them either to manufacture or to try to sell. At the time the contract was entered into it doubtless appeared very much to the interest of second parties to push the manufacture and sale, and the possibility of their refusing to do so probably did not enter into the calculations of first party. The Dixie Company chose to rely upon the chance that defendants would take advantage of their privilege to manufacture, rather than their covenant to do so. Reformation of the contract is not asked; neither fraud nor mistake are alleged. It would seem hardly necessary to say that the court cannot, under the circumstances, remake the contract for the parties by the insertion of covenants which they have seen fit to omit.

[5] True it is that party of the second part agreed "to be diligent in supplying the market with sufficient machines to supply the demand of the market therefor." This, however, cannot be construed as an obligation to manufacture. Party of the second part did not agree to *create* a market or to try to sell machines. If for want of proper advertising or for any other cause, there was no market to be supplied,

certainly the covenant to be diligent in supplying the market should not obligate party of the second part to put in a stock of machines on the chance that purchasers might be found in the future.

[6] While breach of the covenant to be diligent in supplying the market is charged, complainant has not averred performance of conditions necessary under the terms of the contract to be performed by first party before it can take advantage of such breach. The contract provides that if party of the first part is dissatisfied with the diligence used by party of the second part "its remedy shall be as follows:" Then follows a number of conditions, principal among which is that party of the first part shall send in "bona fide orders for machines by solvent responsible parties who will pay in cash. * * *" There being no allegation in the bill that orders have been sent in, and that defendants have refused to fill such orders, the court cannot say that there has been a breach of the covenant to be diligent in supplying the market.

[7] There seems to be nothing in the contract obligating second party to comply with the suggestions of the mechanical expert employed by complainant; nor to refrain from spying upon the work of complainant's expert; nor to refrain from taking out patents on devices embodying the ideas of complainant's expert; nor to refrain from trying to buy stock of the Dixie Cotton Picker Company; nor to terminate the contract. Surely, therefore, none of these acts can be ground for cancellation of the contract.

[8] It is true that party of the second part have obligated themselves not to engage in the manufacture of other cotton picking machines or cotton picking machinery, and that the bill charges a breach of this covenant. It is not provided in the contract, however, that such acts shall give to first party a right to rescission, and nothing is stated from which the court would be justified in concluding that complainant is irreparably injured thereby or that damages at law would not be adequate. Indeed, it is difficult to see how the experimental manufacture of other machines could injure complainant.

So far as the allegations of the bill show, there is not the slightest ground for an accounting, and it is very clear that equity cannot take jurisdiction to decree damages alone.

The allegations of the bill are inadequate to justify the court in departing from the general rule that, in the absence of some provision of the contract for its cancellation, a court of equity will not interfere, except for fraud in securing its execution, or for irreparable injury growing out of the breach of its terms.

The demurrer is sustained.