TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

---

LINDA BEHNEY TAYLOR, JOINED BY HUSBAND, GEORGE W. TAYLOR, *Appellants,* v. DANIEL D. RAWLINS AND CORA G. RAWLINS, *Appellees.*

Opinion Filed September 18, 1923.

Petition for Rehearing Denied October 27, 1923.

1. An actor in a court of equity comes into a court of conscience, and will not be allowed unconscionable relief, nor relief otherwise than under conditions that he does equity upon his part. This rule will aid a defendant, even if he could not have secured equitable relief had he been the actor.

2. In a suit in equity for cancellation of a recorded contract of sale of real estate, as a cloud upon the vendor's title, the vendor may have the contract cancelled of record and declared null and void upon returning to the vendee all amounts paid

to the vendor by virtue of the contract, less any financial damage which the vendor may be able to show he sustained by reason of the contract, and any amount of financial benefit the vendee may have received during his possession of the property under the contract.

This case was decided by Division A.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Decree reversed.

*Benson & Shipp,* for Appellants;

No appearance for Appellees.

BROWNE, J.—This is a suit in equity for the forfeiture of a contract of purchase and sale of real estate, because the vendee defaulted in the payment of installments on the purchase price.

Mrs. Linda B. Taylor entered into a contract with Daniel D. Rawlins and wife, whereby she agreed to buy certain real estate for $7,500.00 to be paid for by an initial payment of $1,500.00; the assumption of two mortgages aggregating $3,500.00, and $500.00 every six months until the whole sum was paid, with interest at 8% per annum, payable semi-annually.

The vendee made the first payment of $1,500.00 and paid the interest for the first period, amounting to $140.00. She defaulted on the first installment of $500.00.

The contract provided among other things that "the time of payment shall be an essential part of this contract" and "in case of a failure of the said party of the second part to make either of the payments or any part

thereof or to perform any of the covenants on her part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by her on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and the said parties of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.''

It appears from the bill that on July 11th, the complainants gave notice in writing to the defendant, that the payment of the first installment of $500.00 and interest was past due, and unless paid within thirty days from date the contract would be forfeited, and in pursuance of this notice they filed ''with the Clerk of the Circuit Court of Dade County, Florida, a formal cancellation of the contract of sale.''

After this notice was given, Rawlins and wife repossessed themselves of the property, and filed their bill in equity, in which they prayed that the ''supposed contract of sale may be declared null and void as a cloud upon the title of the orators; that they be removed and delivered up for cancellation, and that the Clerk of the Circuit Court in and for Dade County be ordered to enter upon the margin of the record, in which said instrument is recorded, that the same is null and void and of no effect.''

The defendant in her answer does not resist the recision or forfeiture of the contract, but claims that by reason of its recision, she is entitled to the return of all sums paid by her to the complainants.

By the decree of the chancellor, the defendant was given twenty days from the date of the decree to pay ''into the

Registry of the Court, for the benefit of the complainants, the sums found to be due the complainants as above set out and that, upon their failure to do so, the contract or agreement for deed entered into on the 26th day of November, 1920, wherein Daniel D. Rawlins and Cora G. Rawlins agreed to sell to the defendant, Linda Behney Taylor,'' the real estate described therein, ''shall be null and void and of no force and effect.'' The chancellor also found that there was due the complainants the sum of $36.49 for the taxes they paid on the property for the year 1921.

The basis of the equitable relief sought is the removal of the cloud upon the complainants' title caused by the recordation of the contract for the sale of the land. Even if the contract is inoperative by reason of the vendor's option to declare it null and of no effect, because of the vendee's default, still if it be allowed to remain on the public records of the county, it is a cloud upon the vendor's title which equity will remove by cancelling the contract.

The appellee in this case has asked the aid of a court of equity and having come into equity he must abide by the rules governing equitable relief, one of which is, that ''he who seeks equity must do equity.'' He asks the court to relieve him from his contract and the consequences of its recordation. He desires, however, to retain all that he acquired by virtue of it, while being relieved of its inconveniences and detriments. He seeks equity, but does not offer to do equity.

The principle involved in this case has been amply discussed in other jurisdictions, and a further discussion of them here would be largely repetition. See Lytle v. Scottish American Mortg. Co., 122 Ga. 458, 50 S. E. Rep. 402; Atkins v. Atkins, 195 Mass. 124, 80 N. E. Rep. 806; Row-

land v. Hester, 206 Ala. 498, 90 South. Rep. 910; Drew v. Pedlar, 87 Cal. 443, 25 Pac. Rep. 749.

This court has held that where a wife comes into a court of equity, to be relieved of an alleged invalid contract for the sale of her separate property, she must offer to do equity, or allege facts that would excuse her failure to do so. Knott v. Smith, 79 Fla. 628, 84 South. Rep. 660. We quoted from 1 Pomeroy's Eq. Jur. 386, 388, that ''An actor in a court of equity comes into a court of conscience, and will not be allowed unconscionable relief, nor relief otherwise than under conditions that he does equity upon his part. This rule will aid a defendant, even if he could not have secured equitable relief had he been the actor.''

It does not appear from the record that Mrs. Taylor derived any financial benefit from the property, nor that the complainants sustained any financial loss or damage, by reason of the contract. Under a different state of facts, a different case would be presented. The complainants are the owners and are in possession of the property, and taxes paid by them are proper charges to be borne by them and not by the defendant.

The complainants are entitled to have the contract cancelled of record and declared to be null and void, upon their returning to the defendant, Mrs. Linda Behney Taylor, all amounts she paid to the complainants by virtue of the contract.

The chancellor erred in declaring the cancellation of the contract and directing the Clerk of the Circuit Court to cancel it of record without requiring the complainants to make restitution of the amount of $1,640.00, paid by the defendant Linda Behney Taylor to the complainants, and the cause is remanded to the Circuit Judge with directions to enter a decree in accordance with this decision.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.

WEST, J., specially concurs.

WEST, J., concurring.

The general rule is that in the absence of some specific provision in the contract fixing the rights of the parties in case of recision of the contract, the vendor, in order to rescind, must restore or tender the purchaser what he has received thereunder, as a condition precedent to his right to rescind, since it is a settled principle in courts of equity that relief will never be extended to a party against his own contract, without exacting from him strict justice to his adversary. 39 Cyc. p. 1378.

This rule, however, is subject to the qualification that, when the recision results from the vendee's breach of the contract, the amount to be restored to the purchaser is the consideration received less the damage sustained by the vendor because of the breach, which will include the fair rental value of the property during the time of the vendee's possession.

The one case cited in the opinion which is directly in point is Lytle v. Scottish American Mortgage, 122 Ga. 458, 50 S. E. Rep. 402. In that case the Supreme Court of Georgia, speaking through Judge Joseph R. Lamar, in an illuminating opinion on this question, said: ''When the vendee sets up any right, he is also bound to recognize those of the opposite party, and is equally bound to do equity before he can secure relief. He is not entitled to a return of his purchase money until he has allowed, as a deduction therefrom, all damages caused by his breach,

one element of which will be the fair rental value of the property during the time he occupied it, even up to verdict. But when he does this he has done all that the law requires. Damages for the breach, payment of the rent, and a return of the land restore the vendor to his status, so far as the value of the land and the sum in hand will warrant. After being granted such complete equity, he should not be heard to complain if the vendee gets only the balance of the purchase money previously paid on account of a contract which the vendor has voluntarily elected to rescind and set aside.''

This case was not tried on that theory. I concur in the reversal of the decree but not in the direction to enter a decree against complainants for the full amount received as a condition to the cancellation of the contract. In order that equity may be awarded both parties, complainants should be permitted to show what damages, if any, they suffered as a result of the breach of the contract by defendants, which should include the fair rental value of the property while in the possession of defendants under the contract.