### EAST COAST FINANCE CORPORATION v. PALM BEACH CO. et al.

(District Court, S. D. Florida.   October 2, 1923.)

No. 260.

1. **Courts ⬅═366(14)—Federal court held not bound by state decision.**

A decision of the Supreme Court of Florida is not binding upon the federal court in an action involving a contract made in Massachusetts, whereby payments were to be made in Illinois on land situated in Florida.

2. **Vendor and purchaser ⬅═98—Return of purchase money unnecessary on cancellation for failure to make payments.**

The general principles of equity do not require the return of the part of the purchase money paid as a condition to cancellation of a land contract for failure to make payments thereby reserved.

In Equity. Bill by the East Coast Finance Corporation against the Palm Beach Company and another. On application to amend replication. Application denied.

Bert Winters, of West Palm Beach, Fla., and J. T. G. Crawford, of Jacksonville, Fla., for complainant.

Jerome E. Wideman, of West Palm Beach, Fla., for defendant Palm Beach Company.

Cooper, Cooper & Osborne, of Jacksonville, Fla., for defendant Lake Worth Realty Company.

CALL, District Judge. This cause comes on for a hearing upon the application of the complainant in the original bill to amend its replication, by adding thereto a claim for the money paid under the contract of purchase sought to be canceled by the answer for the breach of same in maying the payments required by said contract, and praying for the return of said amount as the condition of said cancellation.

[1] The case of Taylor v. Rawlins (Fla.) 97 South. 714 (not yet [officially] reported), recently decided by the Supreme Court of Florida, is relied upon to support the claim set up in the amendment to the replication, and if this court were bound to follow said decision, such amendment would have to be allowed filed. But as I understand the law such decision is not binding upon this court in this cause, however persuasive it may be. In this cause the contract was made in Massachusetts, and the payments therein required to be made in Illinois, while the lands are situated in Florida.

[2] This suit is brought in the circuit court, Fifteenth judicial circuit of Florida, by the complainant against two corporations, the Palm

Beach Company and the Lake Worth Realty Company, seeking specific performance of the contract of purchase. The defendant Lake Worth Realty Company, a Colorado corporation, after the removal of the cause to this court, filed its answer, by which it prays that it may be decreed to be the owner of the lands in fee simple, its title forever quieted, and the claim of the other parties to said lands canceled and removed therefrom as clouds upon its title. The contract of sale set out in the bill is the claim which is sought to be canceled on account of failure of the complainant to make the payments reserved in said contract. In other words, the case made in the answer is for cancellation of the contract, not to rescind the same, on account of invalidity for any cause. This being so, I understand that the general principles of equity do not require the return of the part of the purchase money paid, as a condition of cancellation. And it is by these general principles that this case must be decided.

If I am correct in my conclusion, no purpose would be served in allowing the amendment to the replication, and the motion for leave to file same will therefore be denied.