LINDA BEHNEY TAYLOR, JOINED BY HER HUSBAND, GEORGE W. TAYLOR, *Appellants*, v. DANIEL D. RAWLINS AND CORA G. RAWLINS, HIS WIFE, *Appellee.*

En Banc.

Opinion Filed November 24, 1925.

1. It is proper and legitimate for parties to contract in law for the payment of liquidated damages for the breach of a contract but one coming into a court of equity seeking relief must come with clean hands and offer to do equity.

2. To permit the vendors who invoke the aid of a court of equity to cancel a contract for the sale of Real Estate, to retain any substantial part of the total sum paid on said contract in excess of the damages resulting to them by reason of its breach would be contrary equity.

An Appeal from the Circuit Court for Dade County; A. J. Rose, Judge.

*Burwell & Shipp*, Attorneys for Appellants;

*Bart A. Riley* and *Tom Norfleet*, Attorneys for Appellees.

TERRELL, J.—Appellees brought suit in equity against appellants to cancel a contract for the purchase of certain real estate because appellants failed to make deferred payments on the purchase price. The chancellor entered an order cancelling the contract as a cloud on the title. Appeal was taken, and this court reversed the decree of the chancellor holding in effect that appellees here, complainants below were entitled to cancellation on condition that they return to the defendants who were vendees all amounts paid to the vendors by virtue of their contract less any damages suffered by complainants as a result of the breach and an amount of financial benefit the vendees may have received during their possession of the property under the contract. Taylor v. Rawlins, 86 Fla. 279, 97 South. Rep. 714.

Upon the going down of the mandate in the former case the chancellor entered his order decreeing the cancellation of the contract on restitution by complainants to defendants of the sum of one thousand six hundred and forty dollars ($1640.00) with legal interest and that on their failure to do so the bill of complaint be dismissed. The one thousand six hundred and forty dollars ($1640.00) was not paid to the defendants so the court dismissed the bill of complaint at the expense of complainants. This appeal is taken from the orders denying the motion for rehearing and dismissing the bill of complaint.

The total consideration named in the face of the instrument involved in this litigation is seventy-five hundred dollars ($7,500.00) and after one thousand six hundred and forty dollars ($1640.00) of this amount has been paid, the vendors come into a court of equity and seek to cancel the

contract of record. They recognize no equity inuring to the vendees and propose to retain the full amount paid on the contract. It is proper and legitimate for parties to contract in law for the payment of liquidated damages for the breach of a contract but one coming into a court of equity seeking relief must come with clean hands and offer to do equity. To permit the vendors (who invoke the aid of equity to cancel the contract) to retain any substantial part of the total sum paid on the contract in excess of the damages resulting to them by reason of its breach, would be contrary to every principle of equity jurisprudence. In awarding the equities to the parties hereto, the chancellor should take into consideration every fact that materially affects their rights as related to this case.

The law and the facts of this case are fully stated in Taylor v. Rawlins, *supra,* and the repetition of either would serve no useful purpose.

The complainants have had ample opportunity- to prove the amount- of damages resulting to them from the breach of the contract by defendants. They have proven none; and in awarding- the equities to the parties hereto it is not made to appear that the chancellor did not take into consideration every fact that materially affected their rights as related to this case.

The decree of the chancellor is therefore affirmed.

WHITFIELD, ELLIS AND STRUM, J. J., concur.

BROWN, J., disqualified.