STURGIS, Judge
(dissenting).
The defendant below appeals from a summary final judgment in favor of the plaintiff-appellee.
Carrie Hall, the plaintiff, contracted to sell certain real property to J. W. Huguley, the defendant. The contract provided for monthly purchase money payments to be made by the defendant, who was placed in possession of the premises, and that upon failure -of the defendant-buyer to make either of the- payments or to perform any *596 of the covenants on his part under the contract,
“ * * * this contract shall, at the option of the * * * [plaintiff-seller] be forfeited and terminated, and the * * * [defendant] shall forfeit all payments made by * * * [defendant] on this contract; and such payments shall be retained by the * * * [plaintiff] in full satisfaction and liquidation of all damages by her sustained, and the said * * * [plaintiff] shall have the right to reenter and take possession of the premises aforesaid without being liable to any action therefor.”
Time was declared to be of the essence of the contract.
Upon defendant becoming $170.00 in arrears, plaintiff filed complaint in equity against appellant and his wife, alleging and praying:
“I.
“Plaintiff is now, and was at all times material to this cause of action, the absolute fee simple owner of the following described land in Alachua County, Florida, to-wit: * * * [description] subject, however, to that certain mortgage encumbering the above described land in favor of Hershell Haynes, Ruth A. Haynes, his wife, and Mary E. Jenkins, a widow, dated 27 June 1960 and recorded in Official Record Book 102, page 328 of the public records of Alachua County, Florida.
“II.
“On 20 March 1961, Plaintiff agreed to sell and the Defendants agreed to purchase the above described land pursuant to the terms and conditions of a certain Article of Agreement, a copy of which is attached hereto as Plaintiff’s Exhibit ‘A’.
“HI.
“On or about 25 May 1961, Plaintiff vacated the premises and the Defendants took possession of said land and the dwelling situate thereon and did all other things required of her to be performed under said Articles of Agreement.
“IV.
“The Defendants have breached the terms and conditions of the said Articles of Agreement by failing to make the payments to the Plaintiff, as provided in the Articles of Agreement. The Defendants are now in arrears for two (2) payments of Sixty and 00/100 Dollars ($60.00) each and one (1) payment of Fifty and 00/100 Dollars ($50.-00), for a total of One Hundred Seventy and 00/100 Dollars ($170.00), as called for by the Articles of Agreement.
“V.
“The Plaintiff, by reason of the Defendants’ failure to abide by and perform the covenants, conditions and agreements contained in the said Articles of Agreement, has in accordance with the provisions set forth therein elected to and does hereby declare said Articles of Agreement rescinded and terminated.
“VI.
“Whereupon, it became necessary for Plaintiff, in order to protect her interests in the premises, to refer the same to the undersigned attorneys for collection, and said Plaintiff has employed such attorneys to bring this suit consequent upon such default upon the part of the Defendants and has obligated herself and agreed to pay reasonable attorneys’ fees for such services in this behalf together with all and singular the costs, charges and expenses, including abstract recertification, *597 reasonably incurred and payed by said Plaintiff in this connection.
“WHEREFORE, Plaintiff prays that:
“1. The Court will take jurisdiction of the parties hereto and the subject matter hereof.
“2. The Court will rescind and terminate the Articles of Agreement entered into between the Plaintiff and Defendants on 20 March 1961.
“3. The Defendants be ordered and directed to forthwith deliver up the possession of the land hereinabove described together with all buildings situate thereto.
“4. That a reasonable attorney’s fee for Plaintiff’s attorneys of record herein be set and the Defendants be ordered and directed to pay to the Plaintiff such amount together with Court costs and other expenses, charges and costs incurred herein.
“5. She be granted such other and further relief as Plaintiff may be entitled to receive in the premises.”
Defendants moved to dismiss the complaint for failure to state a cause of action, and also moved to strike paragraph VI of the complaint and paragraph 4 of the prayer for relief. The motion to dismiss was denied as to defendant J. W. Huguley, but was granted as to his wife for the reason that she was not a party to the contract. The motion to strike was granted. Thereupon defendant filed an answer preserving the attack upon the sufficiency of the complaint.
Plaintiff moved for summary judgment, supported by her affidavit asserting substantially the same facts stated in the complaint, whereupon defendant moved to transfer the cause -to the law side of the court on the ground that the complaint shows on its face that the cause of action is not within the jurisdiction of a court of equity. On hearing said motions the court entered a summary final decree finding:
■ “1. This Court has jurisdiction of the parties and of the subj ect matter of the suit.
“2. Defendant has had more than adequate time to file proofs and assert any grounds for equitable relief.
“3. The contract provided that upon default by the Defendant in the making of payments or otherwise the contract should at the option of the Plaintiff be forfeited and terminated, and the Defendant should forfeit all payments made by him on the contract as liquidated damages; that the Plaintiff should have the right to re-enter and to take possession of the premises; and that time was of the essence of the contract.
“4. The Defendant is in default for failure to make payments either within or within a reasonable time after the time allowed for the making of same under the terms of the contract.
“5. The Plaintiff elected to rescind and terminate the contract upon Defendant’s default as aforesaid, and gave Defendant adequate written notice thereof by the filing of the complaint herein.
“6. The Defendant has presented neither pleading nor proof that he is entitled to equitable relief or otherwise shown that equitable grounds for relief from the forfeiture exist.”
On the basis of said findings the final decree denied defendant’s motion to transfer the cause to the law side, granted plaintiff’s motion for summary decree, adjudged the contract in suit “to be null and canceled and to be foreclosed,” barred the defendant and all parties claiming under him “from any right, title or interest in said premises,” allowed the defendant ten days in which to deliver up the possession of the premises to the plaintiff, and ordered *598 the clerk to issue a writ of assistance if necessary to enforce the decree. The decree did not, however, contain any provisions for sale of the subject property in the manner provided for foreclosure or otherwise afford the defendant any opportunity to assert an equity of redemption in the property.
Two points of law are presented for determination on this appeal: (1) whether the court erred in denying defendant’s motion to transfer the case to the law side; and (2) whether the complaint states a cause of action in equity for cancellation of the agreement of March 20, 1961.
Upon entry of the order dismissing the complaint as to defendant’s wife and granting defendant’s motion to strike paragraph No. VI and prayer No. 4 of the complaint, the case was then in such posture that the relief available, if any, under the remaining allegations and prayers of the complaint, was (1) to have the court “rescind and terminate” the agreement (an act which, according to the specific allegations of the complaint, had been done by the plaintiff as a matter of right under the contract), and (2) to oust the defendant from possession of the subject property and deliver it to the plaintiff. A more typical state of facts upon which to assert the right to relief at law by suit in ejectment can hardly be conceived.
A cursory reading of the complaint is sufficient to indicate to the practitioner familiar with suits quia timet under Florida law that it is totally inadequate to afford that type of relief; neither does it allege facts sufficient to state a cause in equity for cancellation of the subject contract on the ground of fraud, mistake, turpitude of consideration, or circumstances posing a case for relief on the principle of quia timet. It is no less lacking as a basis for a declaratory decree under our statute. The suit is thus finally resolved into a possessory action and, in my opinion, was erroneously brought in equity rather than at law. It was therefore mandatory under the rules of practice, as well as F.S. 66.11 and 66.16, F.S.A., for the chancellor, on motion of the defendant, to transfer the cause to the law side of the court and require the parties to make up and try an issue in ejectment. Considering the purpose of the suit as stated by the complaint, this procedure clearly affords an adequate and complete remedy at law.
Section 66.11, Florida Statutes, F.S.A., provides for suits to remove clouds on title “against any person or corporation not in actual possession.” Section 66.16, Florida Statutes, relating to suits to quiet title, provides :
“ * * * that if the defendant or any of them in such case is in the actual possession of any part of the land involved in such suit, a trial by a jury may be demanded by either party, whereupon the court shall order said cause to be docketed on the law side of said court, and at the next regular term thereof shall cause an issue in ejectment to be made up and tried by a jury as to any lands claimed to be in the actual possession of the defendant, or either of them.”
Cox v. Lippard (Fla.1949), 40 So.2d 219, is directly in point. There the plaintiff sought to quiet title to described lands, alleging a controversy with the defendants in possession. An order was entered denying defendant’s motion to transfer the cause to the law side of the court and on certiorari the Florida Supreme Court quashed the order and directed the chancellor to transfer the cause to the law side of the court and, after the issues in ejectment had been settled, to submit the same to a jury under appropriate instructions.
The statute and case law of Florida has carefully preserved the ancient rule that a person claiming legal title to land in possession of another cannot maintain a bill in equity against such person to quiet plaintiff’s title or remove as a cloud on plaintiff’s title the claim of such party in possession. Under such circumstances it is *599 repeatedly held that the plaintiff, having a claim of title legal in nature and having an adequate remedy at law by suit in ej ectment, must resort to the courts of law for relief. Sawyer v. Gustason, 96 Fla. 6, 118 So. 57; Briles v. Bradford, 54 Fla. 501, 44 So. 937; Trustees I. I. F. of Florida v. Gleason, 39 Fla. 771, 23 So. 539; Graham v. Florida Land & Mortg. Co., 33 Fla. 356, 14 So. 796; Gamble v. Hamilton, 31 Fla. 401, 12 So. 229; Patton v. Crumpler, 29 Fla. 573, 11 So. 225; Sloan v. Sloan, 25 Fla. 53, 5 So. 603.
To support the per curiam order of af-firmance, my brethren cite Taylor v. Rawlins (1923), 86 Fla. 279, 97 So. 714, 35 A.L.R. 271; Ganaway v. Henderson (Fla.App.1958), 103 So.2d 693; Barnett v. Dollison, 125 Fla. 254, 169 So. 665; and Herrera Y. Nogueira v. Helker et ux., Third District Court of Appeal, 139 So.2d 895. I suggest that these cases are not in point.
In Taylor the plaintiff vendors of real property, having repossessed themselves of the property pursuant to defendant-ven-dee’s breach of the purchase agreement, filed a suit in equity praying, inter alia, that the “supposed contract of sale may be declared null and void as a cloud upon the title of the orators” and that “the clerk of the circuit court * * * be ordered to enter upon the margin of the record, in which said instrument is recorded that the same is null and void and of no effect.” The Florida Supreme Court, in reversing, held that plaintiffs were entitled to a decree quieting the title against the defendant-vendee only upon returning to the defendant all amounts paid to plaintiffs by virtue of the contract, saying:
“This court has held that where a wife comes into a court of equity, to be relieved of an alleged invalid contract for the sale of her separate property, she must offer to do equity, or allege facts that would excuse her failure to do so. Knott v. Smith, 79 Fla. 628, 84 So. 660. We quoted from 1 Pomeroy’s Eq.Jur. 386, 388, that—
“ ‘An actor in a court of equity comes into a court of conscience, and will not be allowed unconscionable relief, nor relief otherwise than under conditions that he does equity upon his part. This rule will aid a defendant, even if he could not have secured equitable relief had he been the actor.’
******
“The chancellor erred in declaring the cancellation of the contract and directing the clerk of the circuit court to cancel ^t of record without requiring the complainants to make restitution of the amount of $1,640, paid by the defendant, Linda Behney Taylor, to the complainants, and the cause is remanded to the circuit judge with directions to enter a decree in accordance with this decision.”
The Taylor case is further distinguishable in that the plaintiff was in possession of the property and there was no question, as in the case on review, involving transfer of the cause to the law side.
I find nothing in Ganaway v. Henderson, supra, supporting the per curiam affirmance herein. That was a suit in equity by a lessee to cancel a lease and to recover money deposited with lessor to secure payment of the rents and performance of the lease agreement. In Ganaway the primary basis for plaintiff’s action was fraud in the inducement. The defendant-lessor counterclaimed for damages resulting from an alleged breach of the lease agreement. I suggest that it cannot be fairly said that Gana-way remotely involved the setting at rest of title to real property or the possessory rights of the parties to the leased real property and that a casual examination of the decision will so disclose. The per curiam order of affirmance does not acquaint the reader with the particulars rendering the decision in Ganaway applicable to the disposition of this appeal. It may be that its only purpose is to reprove and express disagreement with counsel for appellant who in the course of oral argument observed *600 that prior to the decision in Ganaway he had considered a motion to dismiss for failure to state a cause of action the traditionally proper method by which to test the legal sufficiency of a complaint. If that be the purpose of the court’s citation, I must say that I do not think counsel for appellant correctly interpreted the effect of the decision of the majority in Ganaway or that the courts have so applied it.
Barnett v. Dollison, supra, lends no comfort to the position of appellee. In that case the sharply divided cour^t (3 to 2), in reversing an order dismissing the complaint for failure to state a cause of action, went no further than to hold that it was sufficient to vest the court of equity with jurisdiction “to adjudicate the rights of the parties under the agreements pleaded” but insufficient as a basis for foreclosure of an alleged vendor’s lien, saying:
“The original purchase and sale agreement, having been recorded by the defendant, became and is a cloud on the complainant’s title, and while, as heretofore pointed out, the amended bill is not sufficient as a basis for foreclosure, it is sufficient in its allegations to give the court jurisdiction to decree a forfeiture and cancellation of the original agreement and of the option agreement upon such terms and conditions as might be required in equity and good conscience applying thereto the legal principles enunciated in the case of Taylor v. Rawlins, 86 Fla. 279, 97 So. 714, 35 A.L.R. 271; Id., 90 Fla. 621, 106 So. 424.”
It is seen that the purchase agreement there involved was characterized as a cloud on complainant’s title, due to its recordation by the defendant, while the complaint in the instant suit is silent as to whether the subject agreement was recorded by either party to it. The decision in Barnett did not deal with possessory rights of the parties or with any effort to transfer the cause to the law side of the court; indeed, it is limited to the matter of the power of a court of equity to remove a cloud on title resulting from the appearance on record of apparent property rights in a vendee under an agreement which has actually become unenforceable because of vendee’s defaults thereunder. Any analogy of Barnett to the case on review is marked by the obscurity rather than the purity of the concept.
The decision in the case of Herrera Y. Nogueira v. Helker, District Court of Appeal of Florida, Third District, 139 So.2d 895, affirmed a final decree that “adjudicated that the contract of sale, the assignment, and extension thereof were null and void, and removed and cancelled the same of record as clouds on the title of the appellees.” In Nogueira, plaintiffs sued “to quiet their title” against the mentioned recorded instruments. The vendee was not in possession and the suit did not involve possessory rights or any question of transfer to the law side of the court. Its inapplicability to the case on review may be best illustrated by the following excerpt therefrom:
“The appellees did not seek rescission and cancellation of the contract but instead contended that the same constituted a cloud on their title by reason of its recordation and in view of the appellant’s default should be can-celled.” (Emphasis supplied)
There is a vast difference between a suit to quiet title, as was the purpose in No-gueira, and a suit between the immediate parties to an agreement for cancellation thereof on other equitable grounds. The distinction may become elusive when the suit to quiet title is maintained, as is altogether proper, against a party in privity with the plaintiff under an agreement involving the property, but it is no less real. Much of the uncertainty develops from the failure of the decisions to carefully mark the distinction between suits for removal— often referred to as “cancellation” — of clouds on title evidenced by dint of recorded documents indicating the existence of some interest adverse to the plaintiff, as compared to suits between the immediate *601 parties to such documents for cancellation thereof on equitable grounds other than the principle of quia timet. A decree “canceling” an agreement by way of removal of a cloud on title to real property may be unassailable for that purpose without affecting in any manner the rights of the immediate parties to the agreement, e. g.: By error of the scrivener a purchase agreement provides for the sale by A to B of Section 1, whereas Section 2 was intended. If the agreement is recorded, the owner of Section 1 is entitled to a decree quieting his title against the cloud of the recorded agreement. Unfortunately, such decrees often declare the agreement to be “canceled” and of no effect as against the right, title, interest and estate of the plaintiff and his successors in interest. The word “canceled” is a misnomer in that context and has no relation to the rights of A and B inter se, even though they may be parties defendant to such suit.
Cancellation or rescission of the contract in this suit is not available because the complaint lays no predicate for such relief. As said by the Florida Supreme Court in International Realty Associates v. McAdoo, 87 Fla. 1, 99 So. 117, 119:
“The rule is well settled in this country that cancellation or rescission will not be granted solely for breach of contract, in the absence of fraud, mistake, undue influence, multiplicity of suits, cloud on title, trust, or some other independent ground for equitable interference. Harrington v. Rutherford, 38 Fla. 321, 21 South. 283; Rutland Marble Co. v. Ripley, 10 Wall. 339, 19 L.Ed. 955; Dixie Cotton Picker Co. v. Bullock (C.C.) 188 Fed. 921; Birmingham Warehouse & Elevator Co. v. Elyton Land Co., 93 Ala. 549, 9 South. 235; Lawrence v. Gayetty, 78 Cal. 126, 20 Pac. 382, 12 Am.St.Rep. 29; Shaw v. Horner, 7 Colo.App. 83, 42 Pac. 689; Madson v. Clark, 165 Ill.App. 228; Burt v. Bowles, 69 Ind. 1; Parsons v. Crocker, 128 Iowa, 641, 105 N.W. 162; Long v. Woodman, 58 Me. 49; Moore v. Cross, 87 Tex. 557, 29 S.W. 1051; Rogers v. Pattie, 96 Va. 498, 31 S.E. 897; Whitman v. Aldrich (Tex.Civ.App.) 157 S.W. 464; Forster v. Flack, 140 Wis. 48, 121 N.W. 890.”
For the reasons stated I am of the opinion that the chancellor erred in denying the motion to dismiss the complaint, and also in denying the motion to transfer the cause to the law side of the court.
I therefore dissent.