J. HARWELL WILSON, *Appellant,* v. SUE DANIEL, *Appellee.*

Division B.

Decision Filed December 19, 1927.

PER CURIAM.—This appeal is from an order overruling a demurrer to a bill of complaint to cancel an alleged contract to purchase certain lands in Polk County, Florida. The contract to purchase was entered into by appellant and appellee October 24, 1925, and among other provisions contains the following:

''And if the abstract shows merchantable title vested in first party and second party fails or refuses to complete

this deal within fifteen days after the delivery of the abstract of title by paying the additional cash payment of $7,500.00, and executing the notes and mortgages above described, then it is understood and agreed that first party will retain the $5,000.00 this day paid, as fair and just compensation for damages sustained by first party on account of breach of this contract by second party.''

The party of the second part, appellant here, breached the contract by failing to pay the $7,500.00 and executing the notes and mortgage referred to according to the terms of the said contract. Appellee then instituted her suit for cancellation.

For reversal appellant relies on Taylor v. Rawlins, 86 Fla. 279, 97 So. 714, 35 A. L. R. 271, and Taylor v. Rawlins, 90 Fla. 621, 106 So. 424.

We think that provision in the contract here quoted releases the instant case from control by the doctrine announced in Taylor v. Rawlins. We are of the view, however, that it is ruled by the doctrine announced in Chubb v. J. Harker Chadwick & Company decided by this Court January 21, 1927, 111 So. 538.

The decree of the chancellor is therfore affirmed on authority of that case. See also Realty Securities Corporation v. Johnson, decided by this Court January 18, 1927, 111 So. 532.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.