G. B. Skipper et al., *Appellants*, v. Robert Handley, *Appellee.*

Division B.

Opinion filed April 18, 1929.

*Kay, Adams, Ragland & Kurz,* for Appellants;

*Hull, Landis & Whitehair,* for Appellee.

Buford, J.—In this case there were two separate appeals from the circuit court. The first appeal was from an order overruling a demurrer to the bill of complaint and the second appeal was from an order granting motion to strike certain parts of the answer. On motion the appeals were consolidated and have come on to be disposed of.

The purpose of the bill was to obtain a decree declaring a contract involving the purchase of real estate to be terminated, to cancel the record of the contract and to declare the amounts paid under the contract forfeited.

We see no good purpose that could be served by going into the details of the transaction between the parties.

The original contract constituted an option granting Skipper, one of the defendants in the court below, the right to purchase, under certain terms and conditions, certain real estate. The bill was filed and the case prosecuted upon the theory that the contract remained only an option and that time was the essence of such contract and the orders made by the court below are based upon this theory of the case. The terms of the contract, together with the allegations of the bill of complaint, show that the option merged into a contract for purchase and sale by the acceptance of the option provisions and the payment of the required sum of money by the vendee to the vendor to terminate the option and merge the same into a contract of purchase and sale. After this had been accomplished by the action between the parties a supplemental agreement was entered into which is attached to the bill of complaint and made a part thereof, wherein and whereby the terms of the original contract were changed and modified and by which the feature of *time as of the essence of the contract* was eliminated. Thereupon the parties were bound by a contract of purchase and sale of which time was not the essence and under which the vendee had been put into possession of the property by the vendor. See Orlando Realty Board Building Corporation v. Hilpert et al., 93 Fla. 954, 113 So. R. 100, and cases there cited. Also Martin v. Albee, 93 Fla. 941, 113 So. R. 415, and cases there cited.

The order overruling the demurrer and also the order granting motion to strike parts of the answer should be reversed upon authority of the opinions in the cases above referred to and upon the further authority of the opinion in the cases of Taylor v. Rawlins, 86 Fla. 279, 97 So. R.

714, Taylor v. Rawlins, 90 Fla. 621, 106 So. R. 424, and it is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD AND ELLIS, J. J., concur.

STRUM AND BROWN, J. J., dissent.

BROWN, J. (dissenting) :

As I understand this bill, it is brought, not to rescind and cancel an existing contract, but to remove a cloud resulting from the recording of a contract which had been previously terminated in accordance with the terms of such contract. In such a case, the doctrine announced in Taylor v. Rawlins does not apply. See Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. R. 532; Chubb v. Chadwick, 93 Fla. 114, 111 So. R. 538; Wilson v. Daniel, 115 So. R. 527, 94 Fla. 1140. This made it unnecessary for the bill to allege that the complainant had returned or offered to return the partial payments made, in order to entitle the complainant to the removal of the cloud by the cancellation of the record of the contract.

It may be that the original option contract set out in the bill had become merged into a contract of sale, but even so, the terms of the contract of sale were necessarily identical with the terms of the option contract which had merged into it by acceptance of the option, at least in so far as such terms were not changed or modified by subsequent agreement between the parties. Orlando Realty Board v. Hilpert, 113 So. R. 100, 93 Fla. 954. The original option contract of May 11, 1925, provided that time should be of the essence of the contract, and that unless a certain amount was paid by July 1, 1926, such failure to pay would automatically and without notice cancel and annul the contract and such

moneys as had been paid should be retained by the complainant as rent, etc. The agreement of February 10, 1926, did not, as I understand that agreement, change or modify these clauses of the original option. These facts, and the general purpose and prayer of the bill, in my opinion, take it out of the class to which the doctrine enunciated in Taylor v. Rawlins applies.

STRUM, J., concurs.