PIERCE & STEVENSON, a corporation, *Appellant,* v. CHARLES L. JONES, *et al., Appellees.*

147. So. 842.
Division A.
Opinion filed April 22, 1933.

*H. S. Bailey* and *James N. Daniel,* for Appellant.

*Carter & Pierce,* for Appellees.

DAVIS, C. J.—Bill of complaint to quiet title for lands, and cancel clouds on title, was filed in this case by a vendor against appellant as to the beneficiary named in a recorded land sales contract under which appellant claimed an adverse interest in the right of the original vendee. The bill prayed that complainant be decreed to be the fee simple owner of certain lands described in the bill and that the title to said lands be quieted and confirmed in complainant and specified clouds on the title removed therefrom. It was further prayed specially, that the vendor's land sales contract, copy of which was attached to and made a part of the bill, be cancelled and annulled as against all defendants claiming under it. The original contract in question was expressly alleged not to be of record, but it was shown that there was of record a subsequent contract based upon it. The latter was in the name of the appellant in this case.

The appeal now being considered by us was taken from an interlocutory order striking portions of the answer interposed by Pierce & Stevenson, one of the defendants. The interests of the others named as defendants to the same suit are not here involved.

The facts shown by the record are as follows:

Valdosta Bank & Trust Co., as trustee, entered into a written contract with one E. Luban, whereby it agreed to sell the lands in controversy for $10.50 per acre. Seven thousand dollars was paid down on the contract. The balance was subject to payment according to the contract conditions, which involved furnishing of abstracts, approval of title and execution and delivery of good and sufficient warranty deeds by the vendor and vendee, or his assignee. E. Luban contracted to sell the lands in question to George A. Rubin Realty Co. Pierce & Stevenson in turn entered into a contract with George A. Rubin Realty Co. by which the latter agreed to sell to the former the aforesaid land. The Pierce & Stevenson contract was placed of record, so the object of the relief prayed against Pierce & Stevenson was to obtain a decree declaring its recorded contract with George A. Rubin Realty Co. a cloud upon complainant's title. The defense sought to be interposed by Pierce & Stevenson thereto is that complainant should be compelled to do equity by returning to it as "sub-purchaser" of the original contract interest of E. Luban in the lands, the $7,000.00 down payment made at the time of the execution of the E. Luban contract with Valdosta Bank & Trust Co., as trustee.

It is now well settled in this State that a clear distinction exists between a suit in equity brought by a vendor against his vendee, or his vendee's assignee, for the equitable cancellation and rescission and consequent avoidance of a real estate sales contract on which a substantial portion of the agreed purchase price has been paid, and a suit not brought in affirmance of such a contract, but for the purpose of having the written evidence of the contract after it has expired, or ceased to exist according to its own terms, cancelled and removed *from the public records* as a cloud upon

the vendor's title. Compare: Taylor v. Rawlins, 86 Fla. 279, 97 Sou. Rep. 714, 35 A. L. R. 271; Taylor v. Rawlins, 90 Fla. 621, 106 Sou. Rep. 424; Skipper v. Handley, 98 Fla. 1253, 121 Sou. Rep. 792, with the cases of Wilson v. Daniel, 94 Fla. 1140, 115 Sou. Rep. 527; Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 Sou. Rep. 532; Chubb v. J. Harker Chadwick & Co., 93 Fla. 114, 111 Sou. Rep. 538.

In this case the suit was not one brought for avoidance of the contract itself by a prayer for equitable relief against it, such as by a cancellation and rescission of its terms. Therefore the cited holdings of Taylor v. Rawlins, *supra,* are inapplicable. Here the object of the bill of complaint is to secure the cancellation of a public record outstanding as a cloud on complainant's title. This relief is being sought, so complainant says, because the underlying unrecorded land sales contract on which Pierce & Stevenson's rights under its recorded contract must rest, no longer is in force or effect, and therefore the recorded contract should be cancelled of record. So the ultimate proposition to be decided is not whether the complainant has sufficiently done equity to permit it to obtain equitable relief in the form of a rescission of its contract, but whether or not Pierce & Stevenson have any rights left in effect under their recorded contract which should be permitted to stand of record as a cloud on complainant's title.

The stricken allegations of defendant Pierce & Stevenson's answer fail to show that defendant has any outstanding rights under its recorded contract against the Valdosta Bank & Trust Company, as trustee, the complainant. This is so because it is shown by the bill and not negatived by defendant's answer that complainant, Valdosta Bank & Trust Company, duly tendered performance to its original vendee, and that such performance was refused. It also

shows that although a period of 21 months had transpired, during which defendant, Pierce & Stevenson, could have asserted its right to close the trade as sub-purchaser of the original vendee, that it had failed to take any steps looking to that end.

There was at no time any privity of contract between appellant, Pierce & Stevenson, and appellee, Valdosta Bank & Trust Company. When a contract of sale has been assigned, the vendor not being a party to the assignment, no duty devolves on the vendor to` hunt up the assignee to tender performance; it is sufficient if performance is tendered to the original vendee; and it is the duty of the assignee to make a tender of the money and demand a deed at or within the time designated in the contract, if time is of the essence of the agreement, or within a reasonable period if time is not material, and if assignee fails to do so, the vendor, who has once tendered performance to his vendee that has remained unaccepted, may treat the contract as abandoned, so as to become entitled to have evidence of it removed from the public records as a cloud on title. I Warvelle on Vendors (2nd Ed.) Sec. 66, page 83; Corbus v. Teed, 69 Ill. 205.

In Hedenberg v. Jones, 73 Ill. 149, it was held that there is no duty on a vendor to hunt up the various assignees of his land sales contract and tender them performance, before being permitted to consider the contract as abandoned after performance has once been tendered by the vendor to his original first purchaser, and such original purchaser had then refused to perform. Specific performance in the case just cited was denied vendee's assignees on the ground of inexcusable laches on the part of such assignees in not themselves tendering to the vendor the purchase money and demanding a deed within a reasonable time for so doing,

as contemplated by their assignment from the original purchaser, if they wanted to insist on the benefit of their assignment.

While the case now being considered by us is not one brought by the vendee's assignee (*i. e.* sub-purchaser), Pierce & Stevenson, for specific performance of the contract of the original vendee, yet it is clear upon principle, that, if the original vendee is barred by laches from enforcing any rights under the contract against Valdosta Bank & Trust Company (as trustee), the original vendor, that Pierce & Stevenson, as an assignee or subsequent purchaser, stands in no more favorable situation than the original purchaser, since it was the duty of Pierce & Stevenson to offer performance of that which the original purchaser had neglected to do for the vendor, when it was demanded by the vendor to be done by the original purchaser in accordance with the contract.

The contract having been abandoned by the original vendee, and the vendor having elected to treat such abandonment as a forfeiture by default, so as to terminate the contract by reason thereof, the suit of vendor to have cancelled the *record evidence* of Pierce & Stevenson's rights as an assignee under the terminated contract, is appropriate. And being appropriate, the only defense permissible thereto is a showing by Pierce & Stevenson that complainant's claim that the original contract stands terminated is unfounded, because of some face pleaded in denial or in confession and avoidance of complainant's claim.

The stricken portions of the answer fail to meet the test just stated, so there is no error in order reviewed on this appeal.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.