ETTA ROSENTHAL, a Widow, on Behalf of Herself and TOM LOWE, JR., and MRS. TOM LOWE, JR., Appellants, v. LARGO LAND COMPANY, REALTY ACCEPTANCE CORPORATION and ALFRED GOTTESMAN, Appellees.

200 So. 233

Special Division B

Opinion Filed February 7, 1941

*O. B. White* and *Walter Kehoe;* for Appellant Etta Rosenthal, and *James G. Pace;* for Appellants Tom Lowe and wife.

*E. F. P. Brigham,* for Appellees.

CHAPMAN, J.—On May 28, 1924, L. B. Boyd and wife, Pearl W. Boyd, entered into a written agreement by the terms of which they were to convey to G. B. Skipper approximately one thousand acres of land located on Key Largo, Monroe County, Florida, for the sum of $350.00 per acre. G. B. Skipper, at the time of the signing and delivery of the contract, paid to the Boyds the sum of $7,500.00 in cash and agreed to pay an additional $5,000.00 within fifteen days after May 28, 1924, and the further sum or $22,000.00 on the delivery of a merchantable title to the tract, and this was to be done within sixty days after May 28, 1924. The remaining amount due on the purchase price was to be paid within twenty years.

The pertinent provisions of the contract of sale and purchase are, viz.:

"AGREEMENT made and entered into this 28th day of May, 1924, by and between L. B. Boyd and his wife Pearl W. Boyd of the County of Dade and State of Florida hereafter known as the parties of the first part and G. B. Skipper of the County of Broward and the State of Florida hereafter known as the party of the second part.

"WITNESSETH that the parties hereto mutually agree each with the other as follows:

"The parties of the first part agree to sell to the party of the second part approximately one thousand acres of land located on Key Largo in Monroe County, Florida, for three hundred and fifty ($350.00) dollars per acre actual acreage

to be determined by survey, said lands known as the Boyd tract in township fifty nine (59) south range forty (40) east in the event of inability to deliver merchantable title all moneys are to be refunded.

"The party of the second part agrees and does pay seven thousand five hundred ($7500.00) dollars receipt of which is hereby acknowledged, and agrees to pay five thousand ($5000.00) dollars fifteen days from date of this agreement, twenty two thousand five hundred ($22000.00) dollars on delivery of merchantable title within sixty days from date, the balance of the purchase price to be evidenced by one certain promissory note dated on date of delivery of title due and payable on or before twenty years bearing interest at the rate of eight per cent. per annum interest payable semi-annually secured by a first mortgage on the property said mortgage to contain a reasonable release clause.

"The parties of the first part agree to pay the T. J. Curry a commission of 10% to be paid one half of all deferred payments until the full commission is paid for services rendered in this transaction.

"The part__ of the second part agrees to pay the Bancroft Sales Agency a commission of ____ for services rendered in this transaction."

The contract was duly recorded among the Public Records of Monroe County and on the 10th day of September, 1924, L. B. Boyd and wife, Pearl W. Boyd, by warranty deed conveyed said land to the Largo Land Company, a corporation, and the conveyance recorded as required by law. On October 29, 1937, suit to foreclose the contract, *supra,* was instituted against the legal representatives and heirs of G. B. Skipper, the latter having died sometime after the execution and delivery of the contract and the cause proceed to a final decree, which was entered on December 21, 1937. On November 15, 1938, the Largo Land Company, *et al.,* con-

veyed the land, *supra,* or a portion thereof, to the Realty Acceptance Corporation.

On February 18, 1930, Etta Rosenthal, one of the defendants below, made and caused to be recorded among the Public Records of Monroe County an affidavit and the pertinent portions thereof are, viz.:

"STATE OF FLORIDA ⎱ ss
"COUNTY OF DADE ⎰

. "I, Etta Rosenthal, a *feme sole,* being a resident of Dade County, Florida, and being over the age of Twenty-one (21) years, being first duly sworn, make the following affidavit:

"That during the years of 1924, 1925 and 1926, and 1927, I was a resident of Miami, Dade County, Florida, engaged in the buying and selling of real estate on my own account and in conjunction with others.

"That during the year of 1924 I negotiated the purchase of a certain tract or parcel of land located in Monroe County, Florida, from L. B. Boyd and his wife, Pearl Boyd, and entered into a contract for this purchase and paid the earnest money set out in said contract with my own personal funds, and had the contract made in the name of Glenn B. Skipper as purchaser for me and for my benefit, with an agreement between us as to the division of any profits resulting from the said purchase.

"After entering into this contract certain litigation has arisen regarding the purchase and the fulfilling and completion of the said contract, all of which has been carried on in the name of Glenn B. Skipper. For the purpose of identifying the above contract, and legally describing the land which is involved and establishing my right, title and interest in and to the lands, a copy of the said original contract is hereto attached and made a part of this affidavit, and the trust which was created and established at the time

of the making of the above referred contract and affidavit is now the subject of litigation and Glenn B. Skipper, his heirs, representatives or attorneys have no authority or right to in any manner act for me, abridge, settle, receive, or dispose of my right, title, and interest in and to the aforesaid contract, lands, and properties described in the said attached contract. Further than this the affidavit sayeth not.

"(sd)   Clara C. Gore      (sd)   Etta Rosenthal   (Seal)
"(sd)   W. R. Montgomery

"Before me, a Notary Public in and for the State of Florida at large, personally appeared Etta Rosenthal, a *feme sole,* who being first duly sworn acknowledged that she signed the foregoing instrument for the use and purposes therein set out.

"Subscribed and sworn to before me, this the 14th day of Feby., A. D. 1930.

> "(sd)   Clara Janet Cain
> "Notary Public, State of Florida at Large,
> "My Commission expires: Nov. 26, 1933."

On May 31, 1939, the Largo Land Company, a Florida corporation, filed in the Circuit Court of Monroe County, Florida, its bill of complaint for the purpose of quieting title to the lands described in the contract, *supra,* against the claims of Etta Rosenthal and Tom Lowe, Jr., and wife. On September 4, 1939, Tom Lowe, Jr., through counsel answered the bill of complaint to quiet title and as a defense thereto set up that he had been in the adverse, continuous, hostile and undisputed possession of the North Half of Section 24, Township 59 South, Range 40 East, and claimed title thereto by right of prescription; and was in possession of the Northwest Quarter of Section 23, Township 59 South, Range 40 East, under a deed from the United States Government dated during the year 1924.

An order of reference was made by the lower court to take testimony on the issues presented by the bill of complaint and the sustained answer of the defendant Tom Lowe, and considerable testimony was adduced by the respective parties. On the 18th day of March, 1940, a final decree was entered affecting the interest of Tom Lowe, and on appeal therefrom to this Court it is contended that said final decree was erroneous.

On September 5, 1939, Etta Rosenthal filed an answer and counterclaim. The answer either admitted or denied the material allegations of the bill of complaint, but the lower court sustained a motion to strike the counterclaim and allowed fifteen days in which to file an amended counterclaim.

On December 30, 1930, Etta Rosenthal filed her amended counterclaim. It alleged that the late G. B. Skipper held the described land in trust for Etta Rosenthal; that she advanced the sum of $7,500.00 paid to the Boyds when the contract of purchase and sale was entered into; that the late G. B. Skipper owned no interest in the land and did not advance any of the funds with which to pay for same, but an oral agreement existed between Skipper and Etta Rosenthal wherein Skipper would take legal title to the land and because of his position and influence would be more likely to obtain the location of a highway over said lands; and that these facts were known to L. B. Boyd and wife, Pearl Boyd, who are the owners of the plaintiff corporation, Largo Land Company, and officers thereof. An extension of time in which to make the payments under the terms of the contract of sale and purchase was granted by L. B. Boyd.

The terms of the contract of sale provided that the actual acreage was to be determined by a survey and the price thereof was fixed at the sum of $350.00 per acre, and it

was contemplated that the tract embraced approximately one thousand acres. On August 19, 1925, the Largo Land Company instituted suit to cancel the contract and the cause was heard on its merits; and on June 8, 1926, a decree was entered denying the prayer of the bill and an order entered dismissing the same and the effect of said final decree rendered or made the suit at bar *res ajudicata;* and the Boyds or the Largo Land Company, or any person acting in their or its behalf failed and omitted to supply a survey of the lands showing the exact number of acres involved.

The counterclaim asked: (1) an accounting of the moneys paid and received under the contract between the plaintiff Largo Land Company and Etta Rosenthal and when the amount thereof had been fixed and determined by a decree of the court in behalf of Etta Rosenthal, then the land described in the contract be sold and from the proceeds of the sale the amount adjudged to be due Etta Rosenthal be paid therefrom; (2) the right, title and interest of Etta Rosenthal in and to said lands be decreed to be superior and prior as a matter of law to the interests of Realty Acceptance Corporation, Alfred Gottesman and Largo Land Company; (3) a general prayer in equity.

On January 11, 1940, the Largo Land Company filed a motion to dismiss the counterclaim of Etta Rosenthal on the ground that the statement of Etta Rosenthal appearing in the counterclaim shows that she had no interest in the title to said land. The lower court, after argument of counsel for the respective parties, sustained the motion of the Largo Land Company to dismiss the counterclaim of Etta Rosenthal, and on January 25, 1940, the lower court granted a motion of the plaintiff for a decree on bill and answer as against Etta Rosenthal and said final decree in behalf of the plaintiff and order dated January 8, 1940, granting the plaintiff's motion to dismiss the amended

counterclaim of Etta Rosenthal are assigned as error on appeal here.

Counsel for Etta Rosenthal contend that the question presented for a decision of this Court is, viz.: "Where a vendor fails to comply with the obligations of his sales contract and seeks to remove the said contract from record, as a cloud on his title, in equity is the said vendor required to return to the vendee the benefits obtained by the said vendor under the said contract?"—and that the case at bar is ruled by the cases, viz.: Southern Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 So. 171; Taylor v. Rawlins, 90 Fla. 621, 106 So. 424; Walker v. Landress, 111 Fla. 356, 149 So. 545.

In the case of Taylor v. Rawlins, 86 Fla. 278, 97 So. 714, 35 A. L. R. 271, a suit was brought in equity for a forfeiture of certain money paid under a contract to purchase real estate where the contract contained a clause, viz.:

" '. . . The time of payment shall be an essential part of this contract' and 'in case of a failure of the said party of the second part to make either of the payments or any part thereof or to perform any of the covenants on her part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by her on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and the said parties of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.' "

The suit was brought in equity to cancel of record the contract as a cloud upon the title on the theory that a forfeiture of money paid therunder existed because of a default in the payments of the different installments named

in the contract. An answer thereto was filed in which a return of the money paid under the contract was sought on the theory that in a court of equity the actor or plaintiff below was required to do equity prior to seeking equity. The case was between the parties to the original contract and this Court held that a cancellation would not be decreed.

It is contended that the payment by Etta Rosenthal of the $7,500.00 through Skipper to the plaintiff during the year 1924, when contract was entered into, as a matter of law created and established a resulting trust under the said contract and before the same could be cancelled as a cloud on the title it was necessary for the plaintiff to do equity and the result thereof would be an accounting to Etta Rosenthal of the $7,500.00, as required by the rule promulgated in Taylor v. Rawlins, *supra:*

The fallacy of this contention is that a trust as between the parties, as a matter of law, was not created or established. There was no *definite interest* in and to the land conveyed to Skipper by the contract. The contract only granted the right to purchase the land by paying a certain sum of money at fixed periods. If a definite interest therein or a conveyance of the legal title into Skipper had been made by the contract, *supra,* then the contention of Etta Rosenthal would be sound. See Perry on Trusts and Trustees, Vol. 1 (7th Ed.), page 207, par. 133.

The law is established to the effect that a person claiming a resulting trust must show that he paid some specific sum, for some distinct interest in, or aliquot part of the said land: for example, one-half or one-quarter, or other particular fraction of the whole; or for a particular interest as an estate for life or for years or remainder in the whole estate. See Perry on Trusts and Trustees, Vol. 1 (7th Ed.), pages 203-4, par. 132; American Surety Co. of N. Y. v. Hattrem, 138 Ore. 358, 3 Pac. (2nd) 1109; Karas v.

Karas, 288 Mass. 460, 193 N. E. 18; Epstein v. Epstein, 287 Mass. 248, 191 N. E. 418; Ferguson Coal Co. v. Thompson, 343 Ill. 20, 174 N. E. 896; Brooks v. Gretz, 323 Ill. 161, 153 N. E. 643.

Other allegations of the counterclaim were that on June 8, 1926, the Circuit Court of Dade County, Florida, by a final decree dismissed a bill of complaint brought by the Largo Land Company against Skipper, involving the same lands and the identical contract, in which it was prayed that all moneys paid under the contract should be forfeited. While it is not clearly established by the record, it is reasonable to conclude that the defense offered therein was to the effect that under the terms of the contract the Boyds were to cause a survey of the lands to be made and the exact acreage determined, when the deal could be closed; that at the time the plaintiff failed to make the survey and determine the acreage and for this reason a cancellation of the contract, *supra,* on the record as a cloud on the title was denied. It is asserted here that as between the Largo Land Company and Etta Rosenthal the suit at bar is *res adjudicata.* The counterclaim should have alleged that Etta Rosenthal was a party to said suit. See McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; Virginia-Carolina Chemical Corp. v. Smith, 121 Fla. 720, 164 So. 717.

If, as contended by counsel for Etta Rosenthal, the law of the case was settled by the decree of the Circuit Court of Dade County, Florida, on June 8, 1926, and she was in privity with Skipper, who was a party to said suit, then by the same line of reasoning she would be bound by the decree of the Circuit Court of Dade County dated December 21, 1937.

In the case of Pierce & Stevenson v. Jones, 109 Fla. 517, 147 So. 842, 88 A. L. R. 192, a suit was filed to quiet title

and cancel a contract as a cloud upon the title. The bill had attached thereto a copy of the vendor's land sale contract and a special prayer therein to the effect that said contract be cancelled and declared null and void. The sum of $7,000.00 had been paid under the terms of the contract and additional sums were due when abstracts had been furnished, title approved and warranty deeds executed. It was contended that the contract should not be cancelled of record as a cloud upon complainant's title until the complainant had returned the $7,000.00 paid to the complainant under the terms of the contract, or, in other words, the complainant was in a court of equity and before relief against the record contract could be had or decreed, the complainant below was required to do equity by returning the $7,000.00 paid thereunder, and the case of Taylor v. Rawlins was cited and relied upon.

The court had before it the proposition of whether or not the complainant had sufficiently done equity so as to permit him to obtain relief in the form of a rescission of a contract so as to have a court of equity cancel of record a contract as a cloud on the title to complainant's land. The vendee to the original contract had abandoned the same and the court held that the abandonment by the vendee of the contract was a sufficient equitable showing to cancel of record as a cloud on the title the contract in question, and for this reason the rule in Taylor v. Rawlins, and similar cases, did not apply.

It appears that Etta Rosenthal should have asserted her claims or taken some steps to carry out the terms and conditions of the contract within a reasonable length of time after the month of May, 1924. It is clear that she intended to abandon the contract, because no steps or action on her part were taken to carry out the terms and conditions of the contract for some fifteen years thereafter, and she asks

or requests now of equity to return to her the $7,500.00 advanced, but during the interim made no effort to abide by or .carry out the provisions of the contract. See Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 So. 532; Chubb v. Chadwick, 93 Fla. 114, 111 So. 538; Wilson v. Daniel, 94 Fla. 1140, 115 So. 527; Skipper v. Handley, 98 Fla. 1253, 121 So. 792.

The record shows that evidence was taken before a special Master as to the claims and interest of Tom Lowe in and to the property described in the bill of complaint. The findings and report of the special master to the chancellor were approved and confirmed. The decree recites that a survey of the North Half of Section 24 was made. The decree· further recites that counsel for Tom Lowe, at the time of the final hearing before the chancellor, moved the court for a trial of the issues before a jury. This motion was presented *after* the testimony had been taken or presented to the special master and after the recommendations had been made as to the entry of a final decree and the chancellor held that the motion came too late; that the same should have been presented prior to the entry of the order of reference and that the right of trial by jury of the issues on the part of Tom Lowe through counsel had been waived. We find no error in this ruling. See Blanton v. Woodward, 107 Fla. 691, 144 So. 300.

We fail to find error in the record. The decrees assigned as error are each hereby affirmed.

BROWN, C. J., WHITFIELD and TERRELL, J. J., concur.