HENDRY, Judge.
This is an appeal from a final judgment entered by the Civil Court of Record for Dade County in a proceeding supplementary to execution against the appellant, an im-pleaded defendant. The judgment against this appellant was entered pursuant to a commissioner’s finding that among other things, Vernon L. Brownstone, a judgment debtor of appellee, had transferred the sum of $5,162.09 to the impleaded defendant, Brownstone, Inc., for the purpose of delaying, hindering and defrauding creditors, including appellee, and that the sum should be charged with the judgment debt of Vernon L. Brownstone, in the sum of $3,272.96, together with costs and attorney fees.
This appeal is from the final judgment approving and affirming the commissioner’s findings and recommendations.
Appellant contends, inter alia, that a judge of the civil court of record is not empowered to implead third persons in proceedings supplementary to execution. We can not agree.
Section 55.52, Fla.Stat, F.S.A. provides:
“At any time after an execution shall have been in the hands of any sheriff of this state and returned unsatisfied, the plaintiff in execution, his agent or attorney, may make and file in the court from which such execution issued, an affidavit affirming such fact and also that said execution is valid and outstanding, and also stating the residence of the defendant, and the plaintiff shall thereupon be entitled to have from the judge of said court an order requiring the defendant or defendants in said execution to be and appear in case the residence of defendant is in the county in which the court is located, before the judge of said court or some commissioner designated in said order, and in case the residence of defendant is in another county, then before some commissioner designated in said order in that other county, at a time and place specified in said order and then and there to be examined concerning his property.”
Appellant concedes that this statute and others[1] relating to supplementary proceedings provide for the appointment of a commissioner, but contends that nowhere in the statutes creating civil courts of record[2] are there any provisions for the appointment of a commissioner, therefore, the civil court of record is without such jurisdiction.
Appellant in support of its position, calls our attention to the language used by our Supreme Court in Ryan’s Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483, 487, wherein the court said:
“Chapter 7842, Acts 1919 (sections 4540 to 4549 C.G.L.) [§§ 55.52 to 55.61, Fla.Stat., F.S.A.] were intended to give the circuit court broad discretionary powers to carry out the full intent and purpose of the proceedings supplementary to execution law which was to confer on circuit courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, the same *264 might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him.”
The reference to the circuit courts in Ryan's Furniture Exchange, supra, can not be considered as authority for appellant’s position on this point. The court did not have this point before it for consideration, and we discern no intention on the part of the court to hold that such authority was limited to the circuit courts.
The civil courts of record were created by the legislature to relieve the overburden of the circuit courts of certain of their jurisdiction in actions at law. Each has the same power and authority over such actions as come within their respective jurisdictions
It would defeat this legislative intent for a litigant to be required to enforce a civil court of record judgment in the circuit court.[3]
Appellant’s further contention is that the circuit court was given the authority to appoint a commissioner in supplementary proceedings only by virtue of Article V, § 6, of the Constitution of Florida, F.S.A. We find this contention untenable.
The court commissioners which the circuit court has authority to appoint under the section of the Constitution referred to is not the same kind of commissioner referred to in the supplementary proceedings statutes, therefore, such reference has no bearing on the authority of a trial judge, either circuit or civil court of record, to appoint a commissioner in a proceeding supplementary to execution.
Appellant’s second point is that if the civil court of record had jurisdiction in these proceedings, the trial judge committed error when he denied appellant’s request for a jury trial
The record shows that the request for the jury trial was filed August 6, 1963, approximately three months after the commissioner had filed his report, and about six months after the commissioner had finished taking the testimony.
We find no error in the refusal of the trial judge to grant the appellant a jury trial.
Our Supreme Court in dealing with this question in Dezen v. Slatcoff, Fla.1953, 66 So.2d 483, 485, stated:
“There is no merit to the contention of the appellant that her constitutional rights were invaded because she did not have a jury trial. 30 F.S.A., Common Law Rule 31 [2.1 F.R.C.P.] does not apply. In the first place, this was a summary proceeding especially authorized by law and limited as above set forth, and no trial by jury was required.”
There is further reason why it was not error to deny appellant’s request for a jury. Even if appellant had been entitled to a trial by jury, it is our opinion that the request for it came so late in the proceedings that its refusal by the trial judge did not constitute an abuse of discretion.[4]
The errors assigned not discussed herein have all been considered and deemed to be without substantial merit.
Accordingly the judgment appealed is affirmed.
Affirmed.

. § 55.58, Fla.Stat., F.S.A.

. §§ 33.01-33.02, Fla.Stat., F.S.A.

. For e. g. see, Florida Guaranteed Securities, Inc. v. McAllister, 47 F.2d 762 (D.C.S.D.Fla.1931).

. Rosenthal v. Largo Land Co., 146 Fla. 81, 200 So. 233.