**BIXWOOD, INC., Defendant-Appellant,**

v.

**Henry Allen BECKER, Mary M. Becker, Plaintiffs-Appellees.**

**No. 3–676A138.**

Court of Appeals of Indiana,
Third District.

June 28, 1979.

David Peters, Peters & Terrill, Fort Wayne, for defendant-appellant.

R. Stan Emerick, Emerick & Diggins, Kendallville, for plaintiffs-appellees.

HOFFMAN, Judge.

Defendant-appellant Bixwood, Inc. (Bixwood) appeals from judgment rendered in favor of plaintiffs-appellants Henry and Mary Beckers' complaint to quiet title to certain real estate located in Noble County near Kendallville, Indiana.

Bixwood's assignments of error consist of three main allegations: that plaintiffs were not entitled to sustain a quiet title action; that the evidence was insufficient to prove that Bixwood breached its option contract; and that the judgment is contrary to law.

On August 26, 1966, Bixwood, a real estate development corporation, entered into an "option to purchase" contract with the Beckers to develop the land in question for residential purposes. The contract had a fixed ten-year term, with an option to extend the development for 2, ten-year periods. Bixwood recorded this agreement on November 22, 1972 in Miscellaneous Record 58, pages 455 to 458 in the Office of the Recorder of Noble County. Alleging nonperformance by Bixwood, the Beckers initiated suit to quiet their title in the land subject to this recorded contract.

Bixwood's first contention arises in this context: it maintains that the Beckers chose the wrong remedy by invoking a suit to quiet their title to the realty when in fact they are only entitled to recover monetary damages if they can prove breach of contract.

This contention is erroneous. Initially Bixwood is reminded that, pursuant to Ind. Rules of Procedure, Trial Rule 2(A), effective January 1, 1970, there is now only one form of action, known as "civil action." Thus, error can no longer be premised on bringing one particular action rather than another. Further, the Beckers were justified in seeking the remedy of quiet title, as the recorded contract constituted a cloud on Beckers' title to the realty.

IC 1971, 34-1-48-20 (Burns Code Ed.) provides that:

"Action to quiet title.—An action may be brought by any person either in or out of possession, or by one having an interest in

remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title."

Bixwood claims an interest adverse to the Beckers' through the recorded contract, as evidenced in its answer to the complaint. If the Beckers can demonstrate that the contract is not binding upon them due to Bixwood's nonperformance thereof, they are entitled to have the instrument cancelled and removed from their chain of title. *Mining Corp. of Arkansas v. International Paper Co.* (1971 U.S.D.C. W.D. Arkansas), 324 F.Supp. 705; *See also: Pattison v. Reid* (Fla.App.1974), 303 So.2d 40; *Sawyer v. Marco Island Development Corp.* (Fla.App. 1974), 301 So.2d 820. The trial court found that the Beckers were entitled to rescission of the August 26th contract. A party may legally rescind a contract upon proof of substantial nonperformance by the other party so fundamental as to defeat the object of the contract. *See generally*: 17A C.J.S. Contracts § 422(1), *et seq.*, p. 516. To determine whether there is sufficient evidence to support the trial court's decision, this Court views only the evidence most favorable to the judgment, along with the logical inferences flowing therefrom. *Travelers Indem. Co. v. Armstrong* (1979), Ind.App., 384 N.E.2d 607. To demonstrate a material breach by Bixwood the Beckers relied on paragraphs 3 and 4 of the option contract, which provisions read:

"3. It is stated to be the purpose of this option, to enable the Developers to lay out and improve and develope the land described herein, as residential additions from time to time while this option remains in force, and the overall intent is to so develope such property, that it can be used to the best advantage to all concerned.

"4. That said Developers, shall cause such portion on said real estate, as they consider is best adapted for immediate development to be surveyed and platted, and such survey and plats submitted to the Owners who shall be consulted during the preliminary stages of working out the general plan for such platting and thereupon, the Owners and the Developers, upon reaching agreement that the portion of the land first selected for development has been properly laid out and platted, the Developers shall cause copies or blue prints of the same to be prepared at the Developers expense and furnish the Owners with at least two copies of such plan, and the Owners and the Developers shall signify their approval and agreement upon the same, by signing the same at the place arranged on such sheets by the engineer printing them."

The evidence discloses that four conveyances were made during 1966 pursuant to this contract. However, after a period of nearly seven years in which no further conveyances had been made, the Beckers initiated suit on February 21, 1974. Letters dated August 6, 1969; August 26, 1969; November 6, 1972; and April 23, 1973 advised that such nonperformance was unacceptable to the Beckers and of their desire to terminate the option contract.

Bixwood's nonperformance defeated the purpose of the contract established by the parties in provision 3, i. e., to develop the property to the best advantage of all concerned. Bixwood maintains that it complied with the contract through an extensive advertising campaign. However, a majority of the exhibits submitted in support of this contention made no reference at all to the availability for sale of the Beckers' property. The quality of such evidence will not be reweighed upon appeal. *Greiner v. Greiner* (1979), Ind.App., 384 N.E.2d 1055.

As to provision 4 the evidence discloses that Bixwood failed to submit formal plats as required. Bixwood argues that the strict requirements of the contract as to this provision were waived, in that the Beckers did not specifically complain about the lack of formal plats, surveys or blueprints. However, viewing the evidence favorable to the

Beckers, there is nothing in the record to support such alleged waiver. Therefore, the evidence is sufficient to establish material nonperformance by Bixwood. The Beckers made an election to rescind the contract and gave timely, unequivocal notice thereof, entitling them to legally rescind the contract.

 Generally, a party seeking rescission of a contract must restore, or offer to restore, everything of value received under the contract. *Lindenborg v. M & L Builders & Brokers, Inc.* (1973), 158 Ind.App. 311, 302 N.E.2d 816. However, the contract involved here was a severable contract, as it provided that lots of 100 feet by 150 feet would be individually conveyed by Beckers upon development thereof and payment of the agreed purchase price for each lot. Thus, the four conveyances made in 1966 are unaffected by the rescission. Where transactions are severable a restoration of consideration received for a portion of the transaction not sought to be cancelled is not required. *See: Hart v. Daggett* (Tex.Civ. App., 1928), 6 S.W.2d 143. For other exceptions to the requirement of restoration *see* 12 C.J.S. Cancellation of Instruments § 44, p. 1005.

Because rescission of a contract due to a failure of performance is addressed to the sound discretion of the trial court, *Kruse, Kruse & Miklosko v. Beedy* (1976), Ind.App., 353 N.E.2d 514, and Bixwood has not demonstrated any abuse thereof, the judgment allowing rescission and quieting Beckers' title to the real estate is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, P. J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority on the ground that appellant has failed to demonstrate reversible error through presenting cogent argument. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). The evidence favoring the result supports the determinations that appellant was claiming an interest in the real estate and that there was a breach sufficiently substantial to terminate the contract.