468 So.2d 360 (1985)
KEYS LOBSTER, INC., a Florida Corporation, Appellant,
v.
OCEAN DIVERS, INC., a Florida Corporation, Appellee.
No. 84-312.
District Court of Appeal of Florida, Third District.
April 16, 1985.
Rehearing Denied May 29, 1985.
*361 James Thomas Lynch, James S. Mattson, Key Largo, for appellant.
Bercuson, Cahan, Weksler & Lasky, David Bercuson and Steven D. Kaufman, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
JORGENSON, Judge.
Keys Lobster, Inc. [Keys Lobster] appeals from a final order denying an award of attorney's fees.
Keys Lobster and Ocean Divers, Inc. [Ocean Divers] entered into a lease, a provision of which granted Ocean Divers "the right of first refusal [to purchase the leased property] at the price said property is offered to others." Thereafter, Keys Lobster entered into a purchase agreement with third parties for the sale of the property. The agreement was made subject to Ocean Divers' right of first refusal. A copy of this agreement was submitted to Ocean Divers for its consideration. Ocean Divers sent a letter to Keys Lobster stating that it was exercising its right of first refusal "under the terms of the ... Purchase Agreement." One term of the agreement provided: "1.d. Purchase money first mortgage is subject to the approval of Purchasers cerdit [sic] by the Seller's attorney... . If the Purchasers cerdit [sic] is not approved by said attorney, all monies deposited shall be returned to the Purchaser." After reviewing Ocean Divers' financial *362 condition, Keys Lobster concluded that Ocean Divers was not creditworthy and, as a result, refused to sell the property to Ocean Divers. Ocean Divers brought an action against Keys Lobster seeking to have Keys Lobster specifically perform its agreement to sell Ocean Divers the property. The trial court entered judgment for Keys Lobster, finding that Ocean Divers, by exercising the right of first refusal, "assumed [the third parties'] place under the Purchase Agreement ... subject to all its terms and conditions," and that Keys Lobster acted reasonably and in good faith in disapproving the credit of Ocean Divers and in refusing to sell Ocean Divers the property as provided by paragraph 1.d. of the purchase agreement.[1]
The court held a hearing to determine whether Keys Lobster was entitled to an award of attorney's fees based upon a clause of the purchase agreement providing for the recovery of reasonable attorney's fees incurred by the prevailing party "in connection with any litigation arising out of [the] contract." The court concluded that "there was never a meeting of the minds of the parties as to conveyance of the subject property" because an agreement could not be formed "until purchaser's credit was approved by seller's attorney." Finding no contract on which to base an award of attorney's fees, the court denied the motion.
These findings by the trial court are inconsistent with its prior findings, supporting the final judgment (approved by this court), that Ocean Divers, by its letter exercising the right of first refusal, accepted Keys Lobster's offer to sell and that "upon acceptance, Ocean Divers assumed [the third parties'] place under the Purchase Agreement... ." We accordingly reverse.
It is well-settled in Florida that attorney's fees cannot be imposed in any cause unless provided for by contract or statute. Dorner v. Red Top Cab & Baggage Co., 37 So.2d 160 (Fla. 1948). See also Roberts v. Askew, 260 So.2d 492 (Fla. 1972); Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). There is no statute providing for an award of attorney's fees in this case. Keys Lobster is entitled to recover attorney's fees incurred in the defense of the suit brought by Ocean Divers only if it was a party to a contract with Ocean Divers providing for such a recovery. Keys Lobster contends that Ocean Divers' exercise of its right of first refusal constituted an acceptance on Ocean Divers part to purchase the property under the terms provided in the purchase agreement. Ocean Divers argues that its letter manifesting an intent to exercise the right of first refusal was not an acceptance but rather an offer to purchase, and that its offer was rejected by Keys Lobster on the basis of Keys Lobster's review of Ocean Divers' financial condition.
Ocean Divers' exercise of its right of first refusal cannot properly be construed, consistent with general contract principles, as an offer to purchase. Such a construction would imply that Keys Lobster was free to accept or reject such an "offer." This was clearly not the case. When Ocean Divers sent the letter declaring it was exercising its right of first refusal, "the minds of [the] two parties [were] brought to an agreement... ." Bullock v. Harwick, 30 So.2d 539, 541 (Fla. 1947); both parties agreed to be bound by the terms of the purchase agreement.[2] The fact that Keys Lobster was excused from performance under the contract because the condition set out in paragraph 1.d. of *363 the purchase agreement was not met does not mean, as the trial court found in its order denying attorney's fees, that "there was never a meeting of the minds of the parties as to conveyance of the subject property" or, as Ocean Divers contends on appeal, that mutuality of obligation was lacking.[3]
Turning from general contract principles to principles relating specifically to the exercise of rights of first refusal, the conclusion that Ocean Divers' letter constituted an acceptance is further supported. A right of first refusal is not an option but "ripens into an option once an owner manifests a willingness to accept a good offer." Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970). In this case, Keys Lobster clearly manifested an intent to accept the third parties' offer by entering into the purchase agreement and sending a copy of the agreement to Ocean Divers for its consideration. Ocean Divers' right of first refusal ripened into an option which was exercised when it sent Keys Lobster the acceptance letter. Upon the exercise of the option, a mutually binding and enforceable contract to purchase was created, Welch v. Gray Moss Bondholders Corp., 128 Fla. 722, 738, 175 So. 529, 535 (1937), binding both Ocean Divers and Keys Lobster to the terms of the purchase agreement.
One of the terms of the purchase agreement provided:
P. ATTORNEY FEES AND COSTS: In connection with any litigation arising out of this contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees. (Emphasis added.)
Under this provision, Keys Lobster is entitled to recover attorney's fees incurred in the suit instituted by Ocean Divers if the suit for specific performance was one "arising out of [the] contract" between the two parties.
Ocean Divers argues that its suit was brought upon the lease granting the right of first refusal and not upon the purchase agreement. The lease, unlike the purchase agreement, did not provide for the recovery of attorney's fees except in connection with an action brought by the lessor to collect unpaid rent. From the face of the amended complaint, it appears that Ocean Divers was proceeding on the basis of its lease agreement with Keys Lobster. In count I of the four-count complaint, Ocean Divers alleged that Keys Lobster was attempting to commit a fraud on its rights under the lease. In counts II and III, it was alleged that Keys Lobster and the third parties had conspired to interfere with Ocean Divers' rights under the lease by including paragraph 1.d. in the purchase agreement in order to prevent Ocean Divers from sucessfully exercising its right of first refusal. In count IV Ocean Divers alleged that Keys Lobster breached its obligations under the first refusal provision of the lease.
For the purposes of awarding attorney's fees, each claim must be assessed individually. Fairways Royale Association v. Hasam Realty Corp., 428 So.2d 288 (Fla. 4th DCA 1983); Lauderdale North Properties, Inc. v. Seacrest Homes, Inc., 382 So.2d 386 (Fla. 4th DCA 1980). Additionally, contractual attorney's fee provisions must be construed strictly. Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982). In Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981), relied upon by Ocean Divers to support its contention that the suit was upon the lease, our sister court affirmed the denial of attorney's fees under a contract, finding that the litigation arose out of an alleged misrepresentation made by the sellers of real estate, which had induced the buyers into entering the contract to purchase, and not out of the contract itself. With regard to the first three counts of the amended complaint, *364 alleging fraud and tortious interference, we find that case to be controlling.
Count IV of Ocean Divers' amended complaint alleged that Keys Lobster breached its duty to perform its obligations under the first refusal provision contained in the lease. However, Ocean Divers' right of first refusal no longer existed when Ocean Divers brought suit. The right of first refusal had ripened into an option to purchase which Ocean Divers subsequently exercised. See Coastal Bay Golf Club, Inc. Upon exercise of its option, the lease and all its incidents ceased to exist, and the relationship of vendor and vendee was created. See Foxworth v. Maddox, 103 Fla. 32, 137 So. 161 (1931). Because the right of first refusal had merged into the contract to purchase, see Skipper v. Handley, 98 Fla. 1253, 121 So. 792 (1929), vacated on other grounds, 98 Fla. 1256, 126 So. 386 (1930), the court could not have granted specific performance on the basis of a breach of the first refusal provision in the lease, but only upon the subsequently formed contract to purchase, and, thus, this count of the complaint should be considered as arising out of the contract. Keys Lobster is therefore entitled to an award of attorney's fees with regard to its successful defense of count IV.
We reverse and remand for that purpose.
NOTES
[1] This court upheld the trial court's conclusion that Keys Lobster acted reasonably and in good faith in disapproving the credit of Ocean Divers in Ocean Divers, Inc. v. Keys Lobster, Inc., 422 So.2d 1088 (Fla. 3d DCA 1982).
[2] This would be so even if Ocean Divers had not included the language "under the terms of the ... Purchase Agreement" in its letter. When a party exercises its right of first refusal, it "elect[s] to take [the subject] property at the same price and on the same terms and conditions as those contained in [a] good faith offer by a third person if the owner manifests a willingness to accept the offer." Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970) (emphasis added).
[3] Keys Lobster's approval of Ocean Divers' credit was a condition precedent. A "`[c]ondition precedent' is one calling for performance of some act after the contract is entered into on performance of which the obligations depend." 5 Williston on Contracts § 666A (3d ed. 1961) (emphasis added).